## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY OF FLORIDA, | ) ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) ) Case No.: 3:24-cv-1638 |
| SSR MARKET, INC., LOBANA REAL ESTATE, LLC, and VICTORIA LOVING, individually, and as special administrator of the Estate of Frank J. Fisher, Deceased, | ) ) ) ) ) |
| *Defendants.* | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, NATIONWIDE INSURANCE COMPANY OF FLORIDA ("Nationwide"), by and through its attorneys, Christopher J. Pickett and Haley M. Loutfy, of LINDSAY, PICKETT, & POSTEL, LLC, and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §2201, against the Defendants, SSR MARKET, INC ("SSR Market"), LOBANA REAL ESTATE, LLC ("Lobana"), and VICTORIA LOVING, individually, and as special administrator of the Estate of Frank J. Fisher, Deceased ("Loving"), allege as follows:

### INTRODUCTION

1.      Nationwide seeks a declaration that it does not owe a duty to defend or indemnify its named insured, SSR Market and purported additional insured, Lobana, with respect to an underlying wrongful death and survival action styled as *Victoria Loving, individually and as Special Administrator of the Estate of Frank J. Fisher, Deceased v. Roris Q Moody et al.*, Case No, 2024 LA 000120, currently pending in the Circuit Court of Madison County, Illinois (the "underlying lawsuit"). Specifically, the Nationwide policy's liquor liability exclusion bars

coverage for both SSR Market and Lobana. Moreover, the allegations in the underlying lawsuit do not trigger the Mortgagee, Assignee, or Receiver additional insured endorsement and therefore Lobana does not qualify as an additional insured.

## THE PARTIES

2.  Nationwide is organized under the laws of the State of Ohio, with its principal place of business located in Ohio and accordingly is a citizen of the State of Ohio.

3.  Defendant SSR Market is an Illinois corporation with its principal place of business located in the State of Illinois and accordingly is a citizen of the State of Illinois.

4.  Defendant Lobana is an Illinois limited liability company with its principal place of business in Illinois. Lobana's managing members are Balwinder Kaur, Gurdip Kaur, and Paramjit Bawa who reside in Illinois, intend to remain residing in Illinois, and therefore are citizens of the State of Illinois.

5.  Defendant Loving resides in Illinois, intends to remain residing in Illinois, and is therefore a citizen of the state of Illinois.  Loving is named herein only in that she may be deemed a necessary party with an interest in the subject matter of this action. Nationwide seeks no affirmative relief from Loving, other than to the extent, if any, that she is interested in the subject matter of this action, that she be bound by the judgment sought herein. If she will sign a stipulation to that effect, then Nationwide will voluntarily dismiss her as a defendant.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Nationwide and the defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Southern District of Illinois.

8.      This Court has personal jurisdiction over SSR Market, Lobana, and Loving as they are all citizens of Illinois.

9.      An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

### THE UNDERLYING LAWSUIT

10.      On January 24, 2024, Loving filed a complaint against SSR Market, Lobana, and Roris Q. Moody, Jr. ("Moody"). A true and correct copy of the complaint filed in the underlying lawsuit is attached as **Exhibit A.**

11.      The underlying lawsuit alleges that on June 6, 2023, Moody was driving his vehicle while intoxicated when he collided with a vehicle being driven by Frank Fisher resulting in Mr. Fisher's death. *Id.* at ¶¶ 8-10.

12.      The underlying lawsuit alleges that SSR and Lobana owned, leased, managed, and/or operated a convenience store located at 2430 Pontoon Road, Granite City, Illinois that sold alcoholic beverages. *Id.* at ¶ 20.

13.      The underlying lawsuit alleges that SSR and Lobana sold Moody the liquor that caused him to become intoxicated and unable to operate his vehicle safely, resulting in the wrongful death of Mr. Fisher. *Id.* at ¶ 21.

14.      The underlying lawsuit contains wrongful death and survival action counts against SSR and Lobana under the Dram Shop Act.

<u>**THE NATIONWIDE POLICY**</u>

15.     Nationwide issued a businessowners policy to SSR Market, numbered ACP BP013077814429, effective August 11, 2022, to August 11, 2023 (the "Nationwide policy"). A true and correct copy of the Nationwide policy is attached hereto as **Exhibit B.**

16.     The Nationwide policy is intended to be interpreted as a whole, but for the convenience of the Court and counsel, Nationwide sets forth certain pertinent provisions from the Nationwide policy.

17.     The Nationwide policy provides the following coverage grant:

 **I. COVERAGES**

  **A. COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1. INSURING AGREEMENT**

    (a) We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

*****

18.     The Nationwide policy also includes the following liquor liability exclusion, which states in relevant part:

 **2. Exclusions**

 This insurance, including any duty we have to defend "suits", does not apply to:

*****

 **c. Liquor Liability**

 "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

  (1) Causing or contributing to the intoxication of any person;

  (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

4

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims allege negligence or other wrongdoing in:

(a) The supervision, hiring, employment, training or monitoring of others by an insured; or

(b) Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph (1), (2) or (3) above.

This exclusion applies only if you:

(1) Manufacture, sell or distribute alcoholic beverages;

(2) Serve or furnish alcoholic beverages for a charge whether or not such activity:

(a) Requires a license; or

(b) Is for the purpose of financial gain or livelihood; or

(3) Serve or furnish alcoholic beverages without a charge, if a license is required for such activity.

*****

22.     The Nationwide policy contains multiple automatic additional insured coverages all of which require a written agreement requiring that the purported additional insured be named as an additional insured under the policy.

23.     The Nationwide policy also includes an additional insured endorsement entitled Mortgagee, Assignee, or Receiver.

24.     The Mortgagee, Assignee, or Receiver additional insured endorsement designates Lobana as an additional insured.

25.     The Mortgagee, Assignee, or Receiver additional insured endorsement states, in relevant part:

Under our Premier Businessowners Liability Coverage Form, Section II. WHO IS AN INSURED provides as follows:

Any of the following persons or organizations are automatically insureds when you [i.e. the Named Insured stated below] and such person or

5

organization have agreed in a written contract or agreement that such person or organization be added as an additional insured on your policy providing general liability coverage.

**Mortgagee, Assignee or Receiver**

Any person or organization who has status as mortgagee, assignee or receiver of your property is an additional insured, but only with respect to their liability as mortgagee, assignee or receiver arising out of your ownership, maintenance, or use of such premises[.]

The policy language set forth above is subject to all of the terms and conditions of the policy issued to the Named Insured shown below. For your information, our Named Insured, the Policy Number, Policy Term and Limits of Insurance are stated below.

*****

25.     The Nationwide policy did not contain liquor liability coverage until February 2, 2024. A true and correct copy of the liquor liability coverage declarations is attached hereto as **Exhibit C.**

## THE SSR/LOBANA LEASE AGREEMENT

26.     On January 1, 2022, SSR and Lobana entered into a commercial lease agreement whereby SSR leased/rented from Lobana premises located at 2430 Pontoon Road, Granite City, Illinois. A true and correct copy of the lease agreement between Lobana and SSR Market is attached hereto as **Exhibit D.**

27.     The lease agreement did not require SSR Market to procure additional insured coverage for Lobana.

## COVERAGE ALLEGATIONS
### COUNT I
### NO DUTY TO DEFEND OR INDEMNIFY SSR MARKET

28.     Nationwide restates and incorporates the allegation in paragraphs 1 through 27 above, as set forth fully herein.

29.     Nationwide does not owe a duty to defend or indemnify SSR Market against the underlying lawsuit for one or more of the following reasons, pleading hypothetically or in the alternative:

a.  The liquor liability exclusion in the Nationwide policy bars coverage for the allegations of the underlying lawsuit;

b.  The policy's liquor liability coverage was not added until February 2, 2024, after the June 6, 2023 incident;

c.  To the extent there are other bases on which Nationwide can properly deny coverage, Nationwide reserves the right to plead them in the future.

30.     Accordingly, Nationwide does not owe a duty to defend or indemnify SSR Market against the underlying lawsuit.

## COUNT II
### NO DUTY TO DEFEND OR INDEMNIFY LOBANA

31.     Nationwide restates and incorporates the allegation in paragraphs 1 through 27 above, as set forth fully herein.

32.     Nationwide does not owe a duty to defend or indemnify Lobana against the underlying lawsuit for one or more of the following reasons, pleading hypothetically or in the alternative:

a.  The Mortgagee, Assignee, or Receiver additional insured endorsement is not triggered by the allegations of the underlying lawsuit;

b.  The liquor liability exclusion in the Nationwide policy bars coverage for the allegations of the underlying lawsuit;

c.  The policy's liquor liability coverage was not added until February 2, 2024, after the June 6, 2023 incident;

d.  To the extent there are other bases on which Nationwide can properly deny coverage, Nationwide reserves the right to plead them in the future.

33.     Accordingly, Nationwide does not owe a duty to defend or indemnify Lobana against the underlying lawsuit.

WHEREFORE, the Plaintiff, NATIONWIDE INSURANCE COMPANY OF FLORIDA, prays that this Honorable Court enter a judgment finding and declaring that Nationwide does not owe a duty to defend or indemnify Defendants, SSR MARKET, INC. and LOBANA REAL ESTATE, LLC, against the underlying lawsuit, and for whatever additional relief this court deems fair and equitable.

Respectfully submitted,
**LINDSAY, PICKETT & POSTEL, LLC**

By: /s/Christopher J. Pickett
One of the attorneys for Plaintiffs

Christopher J. Pickett (ARDC #6287096)
cpickett@lpplawfirm.com
Haley M. Loutfy (ARDC #6330052)
hloutfy@lpplawfirm.com
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison St., Suite 3850
Chicago, Illinois 60606